Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
*Attorney for Plaintiff*
885 Park Avenue 2A
New York, New York 10075
Tel:    323.790.4881
Email: MiriamTauberLaw@gmail.com

 DAVID LOPEZ, ESQ. DL-6779
*Attorney for Plaintiff*
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11969-0323
Tel:    631.287.5520
Fax:    631.283.4735
Email: DavidLopezEsq@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH DONOGHUE,<br><br>    Plaintiff,<br> v.<br><br>ECOSPHERE TECHNOLOGIES, INC.,<br><br>    Nominal Defendant,<br><br>    and<br><br>WILLIAM O. BRISBEN, and<br>BRISBEN WATER SOLUTIONS, LLC,<br><br>    Defendants. | No. _____<br><br>**COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78(p)(b)**<br><br>**JURY TRIAL DEMANDED** |

**DEBORAH DONOGHUE**, by Miriam Tauber, Esq. and David Lopez, Esq., her attorneys, complaining of the Defendants, respectfully alleges the following upon information and belief, except as to herself and her own acts, which Plaintiff alleges on personal knowledge.

1

## NATURE OF ACTION

1.      This is an action to recover "short-swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended ("the Act"), 15 U.S.C § 78p(b).

2.      Section 16(b) is a strict liability statute. A plaintiff must prove only that a defendant was an insider of a company with equity securities registered under Section 12 of the Act or one of its subdivisions, who profited from the purchase and sale of the company's equity securities or derivative securities within a period of less than six months. Evidence of the defendant's intent, misuse of inside information, or bad faith is irrelevant and not required to establish liability. Section 16(b) is not punitive and insiders are simply required to disgorge profits realized and retained in violation of the Act.

3.       Defendants WILLIAM O. BRISBEN, and BRISBEN WATER SOLUTIONS, LLC, an entity he owns and controls (collectively, "Brisben"), were, at all relevant times, direct or indirect beneficial owners of more than 10% of a class of equity securities of Nominal Defendant ECOSPHERE TECHNOLOGIES, INC. ("Ecosphere" or the "Company"), and thus statutory "insiders" of Ecosphere under Section 16(b).

4.      The Brisben Defendants, directly or indirectly, engaged in a series of transactions whereby they acquired conversion rights and warrants to purchase Ecosphere common stock, and, separately, materially amended the terms of conversion rights and warrants previously issued to and held by them. As further described in the Claim for Relief herein, for purposes of Section 16(b), Brisben's transactions constitute purchases and sales of the underlying Ecosphere common stock within periods of less than six months, giving rise to short swing profits retained by Brisben in violation of the statute, which Brisben is strictly liable to disgorge to Ecosphere. This action seeks to enforce Section 16(b) by compelling the required disgorgement.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa.

6. Venue is proper in this District pursuant to Section 27 of the Act, 15 U.S.C. § 78aa. The common stock of Ecosphere is listed and traded on the NASDAQ through market makers located within this District. Some or all of the transactions contemplated by the derivative securities purchased and sold by Brisben, giving rise to the Section 16(b) claim asserted herein, were to be effected upon exercise, in whole or in part, on over-the-counter ("OTC") exchanges or otherwise facilitated within this District.

## THE PARTIES

7. Plaintiff Deborah Donoghue is a shareholder of Nominal Defendant Ecosphere, and a resident of Yonkers, New York.

8. Nominal Defendant Ecosphere is a self-described "technology licensing and manufacturing company" focused on developing "environmental solutions for global markets." Ecosphere is a Delaware corporation with principal offices at: 3515 S.E. Lionel Terrance, Stuart, Florida, 34996. This action is brought in the right and for the benefit of Ecosphere, which is named as a party defendant solely in order to have all necessary parties before the court.

9. Defendant William O. Brisben is a resident of Florida, and the manager of Defendant Brisben Water Solutions, LLC, a Florida limited liability company that he owns and controls, and which he formed for the purpose of effecting transactions with Ecosphere, including some or all of the securities transactions described herein. Both Brisben Defendants reside, maintain principal offices, or are otherwise found at 23 North Beach Road, Jupiter Island, Florida 33455.

**STATUTORY REQUISITES**

10. At all times relevant the common stock of Ecosphere was registered under Section 12(g) of the Act.

11. At all times relevant, Brisben was an insider of Ecosphere, to wit: a more-than 10% beneficial owner of a class of equity security and thereby a fiduciary.

12. The violations of Section 16(b) of the Act described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

13. Demand for prosecution was made on Ecosphere on September 15, 2016. By letter of counsel dated November 2, 2016, Ecosphere has made known its intention not to pursue the Section 16(b) claim asserted herein. Further delay in the bringing of suit would be a futile gesture.

14. This action is brought within two years of the occurrence of the violations to be described herein, or within two years of the time when reports required by 15 U.S.C. § 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission (the "SEC").

**FACTUAL ALLEGATIONS**

15. On August 28, 2015, Ecosphere and Brisben entered into an agreement extending the maturity date of a convertible promissory note issued by Brisben to Ecosphere in the original principal amount of $2 million. The note was convertible by Brisben into Ecosphere common stock at a conversion rate of $0.115 per share. Accordingly, Brisben's conversion rights under the note entitled Brisben to purchase up to an aggregate of 17,391,304 shares of Ecosphere common stock until the loan was to be repaid at maturity. The note provided for an original

maturity date of September 12, 2015. As a result of the amendment on August 28, 2015, the maturity date of the convertible note, and the expiration date of Brisben's associated conversion rights, was extended for one year until September 12, 2016.

16. Under applicable SEC rules, the conversion rights provided to Brisben under the promissory note described in Paragraph 15 above are "derivative securities" establishing a "call equivalent" position for Brisben, and the extension provided by the August 28, 2015 amendment was a material amendment to their terms. As such, the amendment is further deemed by SEC rules to be equivalent, for purposes of Section 16(b), to Brisben's sale, at the moment of cancellation, of 17,391,304 Ecosphere shares underlying the original conversion rights, and simultaneous purchase at the moment of issuance of 17,391,304 Ecosphere shares underlying the extended conversion rights.

17. Also on August 28, 2015, Brisben loaned Ecosphere an additional $275,000, which was convertible by Brisben into Ecosphere common stock at a conversion rate of $0.115 per share, or an aggregate of 2,173,913 shares. The additional conversion rights provided to Brisben constitute derivative securities establishing a call equivalent position with respect to Ecosphere common stock, which is further deemed by SEC rules to be equivalent, for purposes of Section 16(b), to Brisben's purchase, at the moment of issuance, of the 2,173,913 underlying Ecosphere shares.

18. Also on August 28, 2015, as additional consideration for the loan described in Paragraph 17 above, Ecosphere issued Brisben five-year warrants to purchase an additional 2,173,913 shares of Ecosphere common stock, at an exercise price of $0.115 per share. Under SEC rules, the warrants are additional derivative securities establishing a call equivalent position

and deemed equivalent, for purposes of Section 16(b), to Brisben's purchase, at the moment of issuance, of the 2,173,913 shares underlying the warrant.

19. On or around January 18, 2016, Brisben loaned Ecosphere an additional $25,000, which was convertible by Brisben into shares of Ecosphere common stock at the conversion rate of $0.115, or an aggregate of 217,391 shares. The conversion rights provided to Brisben constitute derivative securities establishing a call equivalent position deemed equivalent, for purposes of Section 16(b), to Brisben's purchase, at the moment of issuance, of the 217,391 underlying Ecosphere shares. Brisben did not file a Form 4 to report this acquisition of conversion rights as required under Section 16(a), and the specific date in January 2016 on which this transaction occurred is not disclosed in Brisben's or Ecosphere's SEC filings and must be determined through discovery.

20. On or around March 2, 2016, Brisben loaned Ecosphere an additional $200,000, which was convertible by Brisben into shares of Ecosphere common stock at a conversion rate of $0.115 per share, or an aggregate of 1,739,131 shares. The conversion rights provided to Brisben constitute derivative securities establishing a call equivalent position, deemed equivalent, for purposes of Section 16(b), to Brisben's purchase, at the moment of issuance, of the 1,739,131 underlying Ecosphere shares.

21. Also on March 2, 2016, Ecosphere and Brisben agreed to amend a $150,000 loan provided by Brisben to Ecosphere on January 18, 2016, which was originally convertible into shares of a subsidiary of Ecosphere. (The original conversion rate, and the number and value of the shares of the subsidiary into which the note was originally convertible, are not specified and must be determined through discovery to the extent those terms are deemed relevant to Plaintiff's Section 16(b) claim.) As a result of the March 2 amendment, the outstanding January 18, 2016

loan became convertible, instead, into shares of Ecosphere common stock at a conversion rate of $0.115 per share, or an aggregate of 1,304,348 shares. The conversion rights provided to Brisben pursuant to this amendment established a call equivalent position deemed equivalent, for purposes of Section 16(b), to Brisben's purchase, at the moment of issuance, of the 1,304,348 underlying Ecosphere shares.

22. On May 4, 2016, Brisben loaned Ecosphere an additional $429,000, which was convertible by Brisben into Ecosphere common stock at a conversion rate of $0.115 per share, or an aggregate of 3,730,435 shares. The conversion rights constitute derivative securities establishing a "call-equivalent" position with respect to Ecosphere common stock, further deemed by SEC rules to be equivalent, for purposes of Section 16(b), to Brisben's purchase, at the moment of issuance, of the 3,730,435 underlying Ecosphere shares.

23. Also on May 4, 2016, as additional consideration for the loan described in Paragraph 22 above, Ecosphere issued Brisben five-year warrants to purchase an additional 13,547,826 shares of Ecosphere common stock, at an exercise price of $0.115 per share. Under SEC rules, these warrants are additional derivative securities establishing a call equivalent position and deemed equivalent, for purposes of Section 16(b), to Brisben's purchase, at the moment of issuance, of the 13,547,826 shares underlying the warrant.

24. Also on May 4, 2016, Ecosphere and Brisben entered into an agreement extending the maturity date of the convertible promissory note issued by Brisben to Ecosphere in the original principal amount of $2 million, as described in Paragraph 15 and subsequently amended to reflect an increased loan amount of $2,475,000, which was convertible by Brisben into Ecosphere common stock at a conversion rate of $0.115 per share, or an aggregate of 21,521,739 shares. As described in Paragraphs 15-16, the note was then set to mature, and Brisben's

associated conversion rights were accordingly to expire, on September 12, 2016 (as extended from the original September 12, 2015 maturity date, pursuant to the August 28, 2015 amendment described above). As a result of the amendment on May 4, 2016, the maturity date of the note was extended to December 15, 2016, and the expiration date of Brisben's associated conversion rights was accordingly likewise extended.

25. Under applicable SEC rules, the extension provided by the May 4, 2016 amendment described in Paragraph 24 above, was a material amendment to the terms of the derivative securities provided to Brisben in the form of conversion rights covering an aggregate of 21,521,739 Ecosphere shares. As such, the amendment is deemed by SEC rules to be equivalent, for purposes of Section 16(b), to Brisben's sale at the moment of cancellation of 21,521,739 Ecosphere shares underlying Brisben's pre-amendment conversion rights, and simultaneous purchase, at the moment of issuance, of 21,521,739 Ecosphere shares underlying the extended conversion rights issued to Brisben pursuant to the amendment.

26. On June 3, 2016, Ecosphere and Brisben agreed to again extend the maturity date of the convertible promissory note described in Paragraphs 24-25 above, in the aggregate amount of $2,475,000, which was convertible by Brisben into an aggregate of 21,521,739 shares of Ecosphere common stock. As a result of the amendment on June 3, 2016, the maturity date of the note, as amended, was extended for one year, or until December 15, 2017, and the expiration date for Brisben's associated conversion rights was accordingly likewise extended.

27. Under applicable SEC rules, the extension provided by the June 3, 2016 amendment described in Paragraph 26 above was a material amendment to the terms of the derivative securities provided to Brisben in the form of conversion rights covering an aggregate of 21,521,739 Ecosphere shares. As such, the amendment is deemed by SEC rules to be

equivalent, for purposes of Section 16(b), to Brisben's sale of at the moment of cancellation 21,521,739 Ecosphere shares underlying Brisben's pre-amendment conversion rights, and simultaneous purchase, at the moment of issuance, of the 21,521,739 Ecosphere shares underlying the extended conversion rights as amended.

28. Also on June 3, 2016, Ecosphere and Brisben agreed to reduce the exercise price and extend the five-year warrants to purchase 2,173,913 shares of Ecosphere common stock, which were previously issued to Brisben as additional consideration for the loan provided on August 28, 2015, as described in Paragraph 18 above, and which originally provided for an exercise price of $0.115 per share and an expiration date of August 28, 2020. The June 3, 2016 amendment reduced the exercise price of the warrants to $0.045 per share, and restarted the five-year exercise period of the warrants by extending the expiration date until June 3, 2021.

29. Under applicable SEC rules, the extension provided by the June 3, 2016 amendment to the warrants, described in Paragraph 28 above, was a material amendment to the terms of the warrants. As such, the amendment is deemed by SEC rules to be equivalent, for purposes of Section 16(b), to Brisben's sale at the moment of cancellation of 2,173,913 Ecosphere shares underlying the pre-existing warrant, and simultaneous purchase, at the moment of issuance, of 2,173,913 Ecosphere shares underlying the amended warrant.

30. Additionally, on June 3, 2016, Ecosphere and Brisben agreed to extend the maturity date for the $429,000 loan described in Paragraph 22 above, which was convertible by Brisben into an aggregate of 3,730,435 shares of Ecosphere common stock. As a result of the June 3, 2016 amendment, the maturity date of the note was extended for one year, or from December 15, 2016 until December 15, 2017, and the expiration date of Brisben's associated conversion rights was accordingly likewise extended.

31. Under applicable SEC rules, the extension provided by the June 3, 2016 amendment, described in Paragraph 30 above, was a material amendment to the terms of the derivative securities provided to Brisben in the form of conversion rights covering an aggregate of 3,730,435 Ecosphere shares. As such, the amendment is deemed by SEC rules to be equivalent, for purposes of Section 16(b), to Brisben's sale, at the moment of cancellation, of 3,730,435 Ecosphere shares underlying Brisben's pre-amendment conversion rights, and simultaneous purchase, at the moment of issuance, of the 3,730,435 Ecosphere shares underlying the conversion rights as amended.

32. Additionally, on June 3, 2016, Ecosphere and Brisben agreed to reduce the exercise price and extend the five-year warrants to purchase 13,547,826 shares of Ecosphere common stock, which were previously issued to Brisben as additional consideration for the loan provided on May 4, 2016, as described in Paragraph 23 above, and which originally provided for an exercise price of $0.115 and an expiration date of May 4, 2021. As a result of the June 3, 2016 amendment, the exercise price was reduced to $0.045 per share, and the five-year exercise period was restarted, and accordingly extended until June 3, 2021.

33. Under applicable SEC rules, the extension provided by the June 3, 2016 amendment to the warrants, described in Paragraph 32 above, was a material amendment to the terms of the warrants. As such, the amendment is deemed by SEC rules to be equivalent, for purposes of Section 16(b), to Brisben's sale, at the moment of cancellation, of the 13,547,826 Ecosphere shares underlying the pre-existing warrant, and simultaneous purchase, at the moment of issuance, of the 13,547,826 Ecosphere shares underlying the amended warrant.

34. Additionally, on June 3, 2016, Ecosphere and Brisben agreed to amend the following warrants, which were previously issued to Brisben, constituting call-equivalent

derivative securities on the pre-existing terms indicated below, and establishing new call-equivalent derivative securities with amended terms. Each such amendment was material, and each is deemed by SEC rules to constitute the sale, at the moment of cancellation, and simultaneous purchase, at the moment of issuance, by Brisben of the number of shares underlying each amended warrant, as follows:

| Pre-Existing Warrant Terms (Prior to June 3, 2016) | Amended Warrant Terms (as of June 3, 2016) | ESPH Shares Sold & Purchased (Shares Underlying Warrant) |
|---|---|---|
| Conversion rate of $0.115/share; Expiring Sept. 12, 2019 | Conversion rate of $0.045/share; Expiring June 3, 2021 | 562,500 |
| Conversion rate of $0.115/share; Expiring Sept. 12, 2019 | Conversion rate of $0.045/share; Expiring June 3, 2021 | 17,391,304 |
| Conversion rate of $0.115/share; Expiring Feb. 10, 2020 | Conversion rate of $0.045/share; Expiring June 3, 2021 | 4,347,826 |
| Conversion rate of $0.115/share; Expiring Mar. 20, 2020 | Conversion rate of $0.045/share; Expiring June 3, 2021 | 4,347,826 |
| Conversion rate of $0.115/share; Expiring May 8, 2020 | Conversion rate of $0.045/share; Expiring June 3, 2021 | 4,347,826 |
| Conversion rate of $0.115/share; Expiring June 19, 2020 | Conversion rate of $0.045/share; Expiring June 3, 2021 | 4,347,826 |

35. Additionally, on June 3, 2016, Brisben loaned Ecosphere an additional $500,000, which was convertible by Brisben into Ecosphere common stock at a conversion rate of $0.115 per share, or an aggregate of 4,347,826 shares. The conversion rights constitute derivative securities establishing a call equivalent position with respect to Ecosphere common stock and is deemed by SEC rules to be equivalent, for purposes of Section 16(b), to Brisben's purchase, at the moment of issuance, of the 4,347,826 underlying Ecosphere shares.

36. Also on June 3, 2016, as additional consideration for the loan described in Paragraph 35 above, Ecosphere issued Brisben five-year warrants to purchase an additional 8,695,652 shares of Ecosphere common stock, at an exercise price of $0.045 per share. Under

SEC rules, these warrants are additional derivative securities establishing a call equivalent position, deemed equivalent under SEC rules, for purposes of Section 16(b), to Brisben's purchase, at the moment of issuance, of the 8,695,652 shares underlying the warrant.

37. On September 13, 2016, Brisben loaned Ecosphere an additional $250,000, which was convertible by Brisben into Ecosphere common stock at a conversion rate of $0.115 per share, or an aggregate of 2,173,913 shares. The conversion rights constitute derivative securities establishing a call equivalent position with respect to Ecosphere common stock deemed by SEC rules to be equivalent, for purposes of Section 16(b), to Brisben's purchase, at the moment, of issuance of the 2,173,913 underlying Ecosphere shares.

38. Also on September 13, 2016, as additional consideration for the loan described in Paragraph 37 above, Ecosphere issued Brisben five-year warrants to purchase an additional 4,347,826 shares of Ecosphere common stock at an exercise price of $0.045 per share. Under SEC rules, the warrants are additional derivative securities establishing a call equivalent position and deemed equivalent under SEC rules, for purposes of Section 16(b), to Brisben's purchase, at the moment of issuance, of the 4,347,826 shares underlying Ecosphere shares.

## FIRST CLAIM FOR RELIEF

39. Plaintiff repeats the allegations of Paragraphs 1-38.

40. Each Defendant had a pecuniary interest in all or some of the shares of Ecosphere common stock underlying the convertible notes and warrants, which were deemed purchased and/or sold as described herein.

41. Some or all of the sales (deemed or actual) by the Defendants of shares of Ecosphere common stock as described above, occurred within a period of less than six months

of, and at prices higher than, the purchases (deemed or actual) by the Defendants of shares of Ecosphere common stock as described herein.

42. As a result of the transactions aforesaid and pursuant to the prescribed "lowest-in, highest- out" method and applicable SEC rules and regulations governing the computation of profits under Section 16(b), Defendants realized short swing profits in such amount and with such allocation among the Defendants as may be further proved and established. Plaintiff estimates that total short swing profits recoverable by Ecosphere from the Defendants may amount to upwards of $1.4 million.

43. Pursuant to Section 16(b) of the Act, the short swing profits realized by the Defendants inured to and are the lawful property of Ecosphere, recoverable by Plaintiff in its stead and for its benefit, the management of Ecosphere having itself failed or refused to seek such recovery.

## SECOND CLAIM FOR RELIEF

44. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or discovery of additional trades during the course of this action.

45. Each Defendant directly or indirectly purchased and sold shares of Ecosphere common stock (or derivative securities thereof, deemed equivalent to purchases and sales of Ecosphere common stock), including those identified at Paragraphs 1 through 38 hereof, within periods of less than six months during the two years preceding the filing of this action, the sales (deemed or actual) at higher prices than the purchases (deemed or actual).

46. These sales and purchases cannot be identified by Plaintiff with specificity beyond what is enumerated herein, because they have not been publicly reported and Defendants failed or refused to disclose them (or the lack thereof) upon inquiry from Plaintiff's counsel.

47. These sales and purchases within periods of less than six months resulted in profits recoverable under Section 16(b), their exact amounts being unknown to Plaintiff, which profits inured to and are the lawful property of Ecosphere and are recoverable by Plaintiff in its stead, the management of Ecosphere itself having failed or refused to seek recovery of the same.

**WHEREFORE**, Plaintiff demands judgment:

a) Requiring Brisben to account for and to pay over to Ecosphere the short-swing profits realized and retained by it in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountant's and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         November 23, 2016

                                    Yours, etc.

                                    *s/ Miriam Tauber*

                                    _____

                                    Miriam Tauber
                                    MIRIAM TAUBER LAW PLLC